**SIGNED THIS: August 25, 2005**

_____
**LARRY LESSEN
UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re | ) | |
| | ) | In Bankruptcy |
| WILLIAM D. BORGINI, | ) | |
| | ) | Case No. 05-71455 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| WILLIAM D. BORGINI and | ) | |
| MARIANN POGGE, Trustee, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary No. 05-7110 |
| | ) | |
| PURDUE PHARMA COMPANY, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# O P I N I O N

This matter came before the Court on the Motion for Abstention

or Remand filed by Trustee, Mariann Pogge, and the Response thereto filed by Purdue Pharma L.P, successor to The Purdue Pharma Company. The issue is whether this Court should abstain from hearing or remand this adversary proceeding to the Circuit Court of Madison County, Illinois.

The Debtor filed his voluntary Chapter 7 petition in bankruptcy on March 24, 2005. Mariann Pogge was subsequently appointed trustee of the Debtor's bankruptcy estate. Approximately 18 months prior to filing his bankruptcy petition, the Debtor had commenced a personal injury action in the Circuit Court for Madison County, Illinois, against the Defendants. On March 30, 2005, in the U.S. Bankruptcy Court for the Southern District of Illinois, certain of the Defendants filed a Notice of Removal removing the state court case to this Court pursuant to 28 U.S.C. § 1452, on the basis that the state court action was "related to" the Debtor's bankruptcy case. On April 8, 2005, Trustee Pogge filed her statement pursuant to Bankruptcy Rule 9027(e)(3) agreeing with the Defendants that the adversary proceeding is a non-core proceeding pursuant to 28 U.S.C. § 157(b)(2)(o), refusing to consent to the entry of final orders or judgments by this Court, affirming the Plaintiff's right to a jury trial, and contending that this Court does not have subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157(b)(5). On June 2, 2005, this adversary proceeding was transferred from the U.S. Bankruptcy

Court for the Southern District of Illinois to this Court. On July 25, 2005, the Court held a hearing on the Motion for Abstention or Remand, at the conclusion of which, the Court took the matter under advisement.

Pursuant to 28 U.S.C. § 1334(c)(1), federal courts may voluntarily choose to abstain from hearing a non-core proceeding removed from state court. The section states:

> Nothing in this section prevents a district court in the interests of justice, or in the interests of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1). *See also* <u>In re Chicago, Milwaukee, St. Paul & Pacific Railroad Co.</u>, 6 F.3d 1184 1189-90 (7th Cir. 1993).

Most all courts considering the issue of permissive abstention under 28 U.S.C. § 1334(c)(1) utilize a twelve-factor test. Those factors are:

a. The effect or lack thereof on the efficient administration of the bankruptcy estate if a Court recommends abstention;

b. The extent to which state law issues predominate over bankruptcy issues;

c. The difficulty or unsettled nature of the applicable law;

d. The presence of a related proceeding commenced in State court or other non-bankruptcy court;

e. The jurisdictional basis, if any, other than 28 U.S.C. § 1334;

f. The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

g.  The substance rather than form of an asserted "core" proceeding;

h.  The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in State court with enforcement left to the bankruptcy court;

i.  The burden of the bankruptcy court's docket;

j.  The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

k.  The existence of a right to jury trial, and

l.  The presence in the proceeding of non-debtor parties.

See St. Paul & Pacific Railroad Co. supra, 6 F.3d at 1189 (adopting the twelve factors utilized by the Ninth Circuit Court of Appeals). The Seventh Circuit has instructed courts to "apply these factors flexibly" depending on the facts and circumstances of a particular case, and "no one factor is necessarily determinative." Id.

In considering these factors under the circumstances present in the case at bar, it is clear that the Court should abstain from the state court action:

a.  First, the state court action will have no effect on the administration of the bankruptcy estate for the Debtor in that the state court action merely represents a source of recovery for creditors of the estate. Further, the Trustee - who is charged with administration of the bankruptcy estate - is the movant for abstention or remand and believes that administration would not be

       enhanced by retaining the state court action in this Court.

- b. Second, the state court action exclusively presents issues of Illinois state law and no issues of federal bankruptcy law.
- c. Third, the state court action presents certain difficult and unsettled issues of state law inasmuch as the causes of action asserted by the Plaintiff present difficult questions of Illinois law applicable to the facts and circumstances of the case.
- d. Fourth, there is no related proceeding pending in this Court weighing in favor of litigating the action in this Court.
- e. Fifth, there is no federal jurisdictional basis for the state court action in this Court other than 28 U.S.C. § 1334. The Defendants in the state court action are not completely diverse and no question of federal law is presented.
- f. Sixth, the only relation between the state court action and the Debtor's bankruptcy case is that this proceeding is an asset of the estate possibly providing recovery for the creditors of the estate. Otherwise, the state court action does not present any issues that are of any relevance to the main bankruptcy case.

    g.    Seventh, all parties to the state court action agree that this matter is a "non-core" proceeding.

    h.    Eighth, the state court action does not present any issues of bankruptcy law, so there is no concern regarding severability of state law claims from bankruptcy law issues and matters.

    i.    Ninth, maintaining jurisdiction over the state court action would present a significant burden on the docket of this Court as well as that of the District Court for the Central District of Illinois.  Not only does the state court action present state law claims not normally litigated in bankruptcy court, but the state court action also presents procedural complexities of managing a case in which (i) the parties have not agreed to entry of final orders and judgments; (ii) a jury trial is required, and (iii) trial in the District Court rather than the Bankruptcy Court would be required.

    j.    Tenth, the removal of the state court action to this Court unquestionably represents "forum shopping".  There are no bankruptcy law issues presented in the matter; there is no independent basis for federal jurisdiction, and, as a personal injury case with a jury demand, this Court must refer the matter for trial to the District Court.

    k.    Eleventh, not only is there a right to jury trial in the state court action, but the Defendants as well as the Plaintiff have expressly reserved and maintained such right.

    l.    Twelfth and last, all of the Defendants are non-debtors.

For the reasons set forth above, it is manifestly appropriate for the Court to exercise its discretion to voluntarily abstain from hearing the state court action, and to remand the matter to state court. Having made this determination, it is unnecessary for the Court to address the parties' other positions on abstention and remand.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###